No. **2008-24873**

| | | |
|---|---|---|
| **FIRST EDWARDS, LP,** | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **UNION PACIFIC RAILROAD** | § | |
| **COMPANY,** | § | 133RD |
| Defendant. | § | JUDICIAL DISTRICT |

## ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Plaintiff, First Edwards, LP, (hereafter "First Edwards") and complains of Defendant, Union Pacific Railroad Company (hereafter "UPRC"), and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. The Plaintiff intends to conduct discovery under Level 2 of Rule 190, TEX. R. CIV. P., and affirmatively plead that they seek monetary relief aggregating more than $50,000, excluding court costs, prejudgment interest, and attorney's fees.

### II. PARTIES

2. Plaintiff is a limited partnership authorized to do business in the State of Texas.

3. Defendant, UPRC, is a corporation authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

### III. Jurisdiction and Venue

4. This Court has jurisdiction pursuant to the Texas Solid Waste Disposal Act and also due to the fact the amount in controversy exceeds the minimum jurisdictional requirements of the Court, exclusive of interest and costs.

FILED
THERESA CHANG
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2008 APR 22 PM 5:29

**AFTER HOURS FILING**

5. Venue is proper in this district as the property at issue is located in Harris County, Texas.

## IV. Statement of Facts

6. In this case Plaintiff seeks to recover environmental remediation costs from UPRC for the 3.88 acres of real property located at 2121 Edwards Street, Houston, Harris county, Texas (the "Property").

7. UPRC conducted railroad operations began at Property in the late 1800s and thereafter.

8. By 1924, a passenger car shop, freight car repair shed, freight car repair shop and other buildings were located on the property. During this period of time the facilities were identified as "Houston & Texas Central R.R. Repair Shops." By 1950, the passenger car repair shop was identified as a reclamation shop and the facility was named "Texas & New Orleans (Southern Pacific) R.R. Scrap & Reclamation Yard."

9. In 1963, Southern Pacific Company sold and conveyed a 1.535 acre portion of the Property to Bob Derden, Pearl Beer Distributing Company, Inc.

10. In 1968, Mr. Derden sold shares of the common stock to Baytown Enterprises, Inc.

11. Also 1968, Baytown Enterprises, Inc. amended its Articles of Incorporation changing its name to Joe Huggins Pearl Beer Distributing Company, Inc. In 1972, Joe Huggins Pearl Beer Distributing Company, Inc. amended its Articles of Incorporation changing its name to Houston Distributing Company, Inc.

12. In 1978, Southern Pacific Transportation Company granted, sold and conveyed to Houston Distributing Company 2.04 additional acres portion of the Property.

13. In 1987, Southern Pacific Transportation Company sold and conveyed to Houston Distributing Company an additional 0.6667 acre portion of the Property.

14. In 2000, First Edwards, LP acquired the Property.

15. In 2006, it was discovered that portions of the property contained lead concentrations that exceeded the Tier 1 Texas Risk Reduction Program (TRRP) for both Residential and Commercial/Industrial Protective Concentration Levels (PCLs). According to the environmental experts hired to evaluate the Property, this contamination is consistent with the historical railcar reclamation activities conducted on the property.

16. In 2006, First Edwards sold the Property to Sage Interests, Inc. First Edwards escrowed $650,000.00 to cover the clean-up costs.

17. The Texas Natural Resource Conservation Commission approved First Edward's clean-up plan on February 2, 2007.

18. First Edwards notified UPRC of the damage, but UPRC contends the pollution was caused by the beer distributorship, not by the railroad reclamation site. UPRC has refused to accept any responsibility for the remediation costs and expenses.

## V. CAUSES OF ACTION

### A. Texas Solid Waste Disposal Act.

19. Plaintiff sues under Tex. Health & Safety Code Ann. § 361.344 for the remediation and clean-up costs on the Property.

20. UPRC is an entity responsible for solid waste, as defined in § 361.271.

21. The TNRCC approved Plaintiff's removal and remediation action.

3

22. The remediation and removal is necessary to address a release or threatened release of solid waste.

23. The remediation and removal costs are reasonable and necessary; and

24. Plaintiff notified UPRC of the solid waste and also of Plaintiff's intent to eliminate the solid waste.

25. UPRC has refused to take any responsibility for the solid waste.

26. Plaintiff seeks all reasonable and necessary costs associated with the remediation and removal of the solid waste from the Property.

**B.      Declaratory Judgment.**

27. Plaintiff seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act that UPRC, not Plaintiff, is the party responsible for the solid waste and pollution contained in the Property.

28. Plaintiff seeks attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

### VI. Jury Demand

71. The Plaintiff hereby requests a trial by jury, and tender the corresponding jury fee.

### VII. Conditions Precedent

72. All conditions precedent have been performed or have occurred.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be made to appear and answer, and that, upon trial, the Plaintiff has, among other things:

A.  judgment against the Defendant for compensatory damages in excess of the minimum jurisdictional limits of the Court;

B.  A declaratory judgment as described above;

C.  pre-judgment interest in accordance with the law of Texas;

D.  post-judgment interest in accordance with the law of Texas;

E.  costs of Court and attorney's fees; and

F.  Such other and further relief to which the Plaintiff is entitled.

Respectfully submitted,

**WILLIAMS ◆ KHERKHER**

By: _____
E. Armistead Easterby
SBN: 00796500
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713/230-2308 Phone
713/643-6226 Facsimile

David R. Miller
SBN: 14067500
Attorney at Law, PLLC
2777 Allen Parkway, 7th Floor
Houston, Texas 77017-2197
713/579-1568 Phone
713/579-1528 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Cause No. 2008-24873

| | | |
|---|---|---|
| FIRST EDWARDS, LP | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| UPRC | § | |
| Defendant | § | 133 JUDICIAL DISTRICT |

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action: ☒ Commercial  ☐ Personal Injury  ☐ Death  ☐ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☐ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability: | ☐ Workers compensation |

☒ Other __Environmental__

Has this dispute previously been in the Harris County courts? ☒ No  ☐ Yes, in the following court: ____

Monetary damages sought: ☐ less than $50,000  ☐ 50,001 - $100,000  ☒ greater than $100,000

Estimated time needed for discovery: ☐ 0-3 months  ☐ 4-6 months  ☒ 7-12 months  ☐ >1 year
Estimated time needed for trial: ☒ 1-2 days  ☐ 3-5 days  ☐ 6-10 days  ☐ > 10 days

Are you going to request Level 3 status?  ☐ Yes  ☒ No
If yes, please state your estimate for total hours of deposition per side: ____ and the number of interrogatories needed for each party to serve on any other party: ____.

Name of party filing this cover sheet:

Signature of attorney or pro se filing cover sheet: _____
Name printed: E. ARMISTEAD EASTERBY
Phone No: (713) 230-2200    Bar No: 00796500

FOR COURT USE ONLY:

Track assigned  ☐ Track 1  ☐ Track 2  ☐ Track 3

Court Coordinator ____    Date: ____

FILED
THERESA CHANG
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2008 APR 22 PM 5:29

AFTER HOURS FILING