UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST EDWARDS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1573 |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the court is Union Pacific Railroad Company's ("UPRC") motion to dismiss First Edwards, L.P.'s ("First Edwards") attorneys' fee claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 6. Upon consideration of the motion, the response, the reply, and the applicable law, UPRC's motion is GRANTED.

I. BACKGROUND

This is a cost-recovery lawsuit under the Texas Solid Waste Disposal Act, removed to this court based on diversity of citizenship. First Edwards seeks all reasonable and necessary costs associated with the remediation and removal of the solid waste from its property. Additionally, it seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act that UPRC is the party responsible for the solid waste on the property, and an award of attorney's fees pursuant to the act.

II. ANALYSIS

UPRC moves for partial summary judgment pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, seeking a dismissal of First Edwards' claim for attorneys' fees under the Texas Declaratory Judgment Act.

*A.     Standard of Review*

The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "When the allegations in the complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should...be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1216 (3d ed. 2008)).

*B.     Analysis*

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211 (1996). UPRC presents authority in support of the proposition that "a party may not rely on the Texas [Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law." *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). First Edwards agrees with UPRC regarding *Utica's* holding, but contends that the Fifth Circuit has since questioned this holding, making its precedential effect unclear. *Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 492 (5th Cir. 2004). *American Home Assurance* did not, however, overrule or even question the *Utica* holding; it merely distinguished its facts and found that unlike the court in *Utica*, it could award attorneys' fees based on other substantive Texas law. *Id*.

Even if the *American Home Assurance* court had more plainly questioned the *Utica* holding, only the earliest of conflicting panel decisions controls. *Camacho v. Texas Workforce Com'n*, 445

2

F.3d 407, 410 (5th Cir. 2006). Only the Supreme Court or the Fifth Circuit sitting *en banc* can overrule an earlier panel decision. *Hogue v. Johnson*, 131 F.3d 466, 490 (5th Cir. 1997). Neither the Supreme Court nor the *en banc* court has done so. In fact, the Fifth Circuit has unequivocally reaffirmed the *Utica* rule subsequent to *American Home Assurance*, relying squarely on the rule to affirm a district court's refusal to apply the fee-award provision of the Texas Declaratory Judgment Act. *Comacho v. Texas Workforce Com'n*, 445 F.3d 407 (5th Cir. 2006).

First Edwards also contends that it is entitled to attorneys' fees under other substantive Texas law. It suggests that there is the potential for recovering attorneys' fees under the Texas Health & Safety Code, but supports this proposition with only one case, in which an eastern district court declined to find that the "other costs" recoverable under the Solid Waste Disposal Act included awards for attorneys' fees. *Vine St., LLC v. Keeling ex rel. Estate of Keeling*, 460 F.Supp.2d 728, 768 (E.D. Tex. 2006). This authority is not persuasive.

First Edwards finally returns to *American Home Assurance's* statement that "Texas courts have held that attorney's fees incurred involving litigation with a third party are recoverable as actual damages." *Am. Home Assur. Co.*, 378 F.3d at 490 (*U.S. Cas. Co. v. Schlein*, 338 F.2d 169, 175 (5th Cir. 1964); *Sw. Indem. Co. v. Nat'l Surety Corp.*, 277 F.2d 545, 549 (5th Cir. 1960)). The cases cited by *American Home Assurance* do not support First Edwards' arguments. The first involves an insurance company failing to prosecute on behalf of its insured. *U.S. Cas. Co.*, 338 F.2d at 171. The court awarded the attorneys' fees that were expended by the insured in prosecuting the case abandoned by the insurer, but refused to grant attorneys' fees for the prosecution of the declaratory judgment suit against the insurer. *U.S. Cas. Co.*, 338 F.2d at 175. The second case similarly involved an insurance company failing to defend its insured. *Sw. Indem. Co.*, 227 F.2d at 546. Again, the court awarded attorneys' fees expended in the investigation and defense of the claims,

3

but made no mention of attorneys' fees for the recovery suit against the insurer. *Sw. Indem. Co.*, 227 F.2d at 549. The attorneys' fees granted in each case were for failing to defend or prosecute the prior suit, not the subsequent declaratory judgment action. There is no previous suit in this case. As urged by UPRC in its reply, First Edwards has not expended attorneys' fees in defense of a suit that UPRC should have defended. Were this so, the above-cited cases might provide some support for First Edwards' claim. Furthermore, in neither case did the court award attorney's fees expended in the subsequent action against the allegedly responsible parties. Even if the cited cases were analogous to this one, the fact that no fees were awarded in either of the subsequent actions would make First Edwards' claim for attorneys' fees in this action unmeritorious. Therefore, the court finds that First Edwards cannot recover attorneys' fees based on the Texas Declaratory Judgment Act and the facts as pled by First Edwards in its complaint. Accordingly, UPRC's motion to dismiss First Edwards' claim for attorneys' fees is GRANTED.

### III. CONCLUSION

Pending before the court is UPRC's partial motion to dismiss. For the foregoing reasons, the motion is GRANTED. First Edwards' claim for attorneys' fees under the Texas Declaratory Judgment Act is DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on July 7, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY